**Matter of Rudolph SCHMEREL and Siegfried Schmerel, individually and t/a Schmerel Bros., Bankrupts.**

B-24-52.

United States District Court
D. New Jersey.

Sept. 16, 1955.

See, also, 120 F.Supp. 899.

Kleinberg & Moroney, Newark, N. J., by James Masterson, Newark, N. J., for objecting creditor.

A. Albert Eichler, Newark, N. J., for bankrupts.

WORTENDYKE, District Judge.

This matter is before the Court on a petition by a creditor of the bankrupts to review an order of the referee discharging the bankrupts, and on a motion by the bankrupts to dismiss the petition for review.

The objections to discharge filed with the Referee were based upon Section 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(7), the creditor asserting that the bankrupts have failed to explain satisfactorily losses of assets and a deficiency of assets to meet liabilities. Section 14, sub. c provides:

"The court shall grant the discharge unless satisfied that the bankrupt * * *. (7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities: *Provided*, That if upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subsection (c), would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

The objecting creditor asserts that the schedules filed by the bankrupts with their voluntary petition in bankruptcy show liabilities of $84,497 against assets of only $50,662, resulting in the deficiency of $33,835 which the bankrupts have not explained satisfactorily. In addition, the creditor charges that equally unexplained is a loss of assets of $56,047 during the year prior to the filing of the petition.

In the Referee's certificate of review he finds as follows: The bankrupts were partners engaged in the business of selling and remodelling furs. They were confronted with a loss of business and its accompanying financial problems, failed to meet current obligations, and faced mounting losses. Some of their creditors, becoming apprehensive, engaged the services of one Rosenbloom, an accountant, to investigate the financial condition of the bankrupts. The condition did not improve and shortly thereafter the bank-

rupts filed a voluntary petition under Chapter XI, 11 U.S.C.A. § 701 et seq. The schedules of the bankrupts filed with the petition listed assets of $50,662 and liabilities of $84,497. Rosenbloom subsequently testified that his investigation showed that the bankrupts sustained a net loss of $56,047, including in his computation the information contained in the bankrupts' schedules and a credit of $7,092. The Referee further found that the authenticity of an inventory given to Rosenbloom by one of the creditors, and used by him in his calculations, was never established and that Rosenbloom had no knowledge of the valuation method used in the inventory. This same inventory was found to have been used by the bankrupts in preparing their schedules, thus creating an unreal picture of the bankrupts' financial condition at the time their petition was filed. In addition, an item of $22,500, listed as a liability in the bankrupts' schedules, was found to be improperly so listed, since it represented an obligation incurred by the bankrupts as accommodation endorsers and in return for which they received no assets.

Stating that insofar as he could determine from the facts submitted the bankrupts were honest but not too skillful business men, the Referee concluded that the bankrupts had not failed to explain satisfactorily any losses of assets or any deficiency of assets to meet liabilities.

Summarizing the findings of the Referee as to the assets of the bankrupts, they are to the effect that there is nothing which provides an accurate account of the assets at the time the bankruptcy petition was filed, and that the information on assets appearing therein is inaccurate. The only other finding which relates to the bankrupts' assets is to the effect that they suffered a loss of business.

Assuming that the findings of fact (as opposed to the ultimate conclusion of the Referee) are supported by the record, it is nevertheless not clear from the certificate of review just what reasoning the Referee has employed in arriving at his conclusion that the bankrupts have not failed to explain satisfactorily losses of assets or a deficiency of assets. In other words, the mere fact that the Referee has found the figures used by the bankrupts to be inaccurate does not, without further findings, support a conclusion that there has been a satisfactory explanation. Some intermediate findings are necessarily required. Nor is there any indication whether or not the Referee, in reaching his conclusion, gave consideration to the language of the proviso in Section 14 respecting the burden of proof regarding objections to discharge.

Accordingly, the proceedings are remanded to the Referee for additional findings and whatever further proceedings he deems appropriate in connection therewith.

An order may be presented in conformance with this opinion.